GLENN R. KANTOR, Bar No. 122643
gkantor@kantorlaw.net
PETER S. SESSIONS, Bar No. 193301
psessions@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, California 91324
Telephone: 818.886.2525
Facsimile: 818.350.6272

Attorneys for Plaintiff
LINDA ZAGON

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA ZAGON,<br><br>  Plaintiff,<br><br>v.<br><br>AMERICAN AIRLINES LONG TERM DISABILITY PLAN,<br><br>  Defendant. | Case No. CV 10-8846 GAF (MANx)<br><br>**PLAINTIFF'S STATEMENT OF GENUINE ISSUES**<br><br>[Concurrently Filed with Plaintiff's Opposition to Defendant's Motion for Judgment]<br><br>Date:     April 8, 2013<br>Time:     9:30 a.m.<br>Location: Ctrm. 740, Roybal Bldg. |

    Plaintiff Linda Zagon hereby respectfully submits her Statement of Genuine Issues in opposition to Defendant's Motion for Judgment in the above-captioned matter.

| **Defendant's Undisputed Facts** | **Plaintiff's Response** |
|---|---|
| 1. Plaintiff alleges that she was previously employed as a Flight Attendant for American Airlines, and was a covered participant under the terms and conditions of a Long-Term Disability insurance plan. | 1. Undisputed. |
| 2. She also alleges that she suffered a disability but does not specify the date on which she became disabled. | 2. Disputed. The complaint refers to and includes an attached Exhibit C, from Ms. Zagon's physician, indicating the date of her disability was in June of 2008. See ¶¶ 5, 14 and 15 below; Defendant's Doc. #1, p. 21 of 40. |
| 3. Specifically, plaintiff claims that she "became entitled to benefits under the terms and conditions of the LTD Plan." | 3. Undisputed. |
| 4. Plaintiff alleges that she "made a claim" to MetLife for disability benefits on or about August 18, 2009. | 4. Undisputed. |
| 5. The Disability Claim Attending Physician Statement submitted by plaintiff indicates that plaintiff's disability commenced on June 1, 2008. | 5. Undisputed. |
| 6. In addition, plaintiff's Complaint, Ex. E, refers to plaintiff leaving work in June 2008 for neck surgery, extended physical therapy, needing additional surgical procedures, and uncertainty concerning her ability to return to work and the possible date thereof. Plaintiff's Complaint refers to, and implicitly concedes, a period of one year within which she should have filed her claim for long-term disability benefits, and her failure to do so. | 6. Undisputed regarding Exh. E to plaintiff's complaint and the Plan's one-year time limit on filing claims. Disputed to the extent that defendant contends that this time limit operates to bar plaintiff's claim for benefits. |

2

| Defendant's Undisputed Facts | Plaintiff's Response |
|---|---|
| 7. Exhibit G to the Complaint further asserts that Plaintiff's "late filing was in direct relation to thinking I would be returning to work and didn't need any more insurance." | 7. Undisputed. |
| 8. Defendants' answer alleges that plaintiff failed to file a timely application for benefits. | 8. Undisputed. |
| 9. The Long Term Disability Plan involved herein is not a policy of insurance provided by an insurance company. This is a self-funded plan meaning that the plan is funded entirely by employee contributions. | 9. Undisputed. |
| 10. Under the various employee benefit plans available to American Airlines' Flight Attendants, the Pension Benefits Administration Committee has the right and power to delegate to any other person or persons its responsibilities under any of the Plans, including under the Long Term Disability Plan. This includes the right to delegate its authority to administer Claims for benefits under the Plans by written contract with a licensed third party administrator; and to the extent permitted by law, to rely conclusively upon all tables, valuations, certificates, opinions and reports that are furnished by accountants, counsel, or other experts employed of engaged by the PBAC. The PBAC has, among other discretionary powers, the power to "make and enforce" rules and regulations regarding the Plan, and to | 10. Undisputed that the PBAC has been granted the powers and duties listed. However, plaintiff objects to their relevance as the issue before the Court is not one of plan interpretation involving the exercise of discretionary authority. Fed R. Evid. 401. |

3

| Defendant's Undisputed Facts | Plaintiff's Response |
|---|---|
| "interpret and construe the terms of the Plan, their interpretation thereof to be final and binding," and "to determine the eligibility of any person to participate in or receive benefits under the Plans and to determine if any exceptional circumstances exist to justify any extensions." | |
| 11. American Airlines, as the Plan Sponsor, has contracted with MetLife to provide claim evaluations and claims processing functions for the Long Term Disability Plan. | 11. Undisputed. |
| 12. Pursuant to the terms of the Plan, an employee who is dissatisfied with a decision concerning the granting of Long Term Disability benefits may file an appeal to the PBAC in accordance with the appeal process described in the Employee Benefits Guide for Flight Attendants. | 12. Undisputed. |
| 13. The Employee Benefits Guide states under the section entitled "disability benefits-long-term disability-filing a claim," in part, that "you should file your Long-Term Disability (LTD) claim as soon as you become disabled. Do not wait until your sick pay is used up or until your four-month elimination period expires – *file your claim immediately*. The latest you can file your LTD claim is one year after your disability began. If you file your disability claim beyond this one-year deadline, your claim will not be accepted and you will not be | 13. Undisputed. |

| Defendant's Undisputed Facts | Plaintiff's Response |
|---|---|
| eligible for LTD Plan benefits." | |
| 14. Prior to her disability, Ms. Zagon worked as a flight attendant in Los Angeles. Her last day of work was June 5, 2008 and she received salary continuance through June 12, 2008. She was subsequently placed on unpaid sick leave of absence effective July 1, 2008. | 14. Undisputed. |
| 15. She stated in support of her claim that the date her disability began was June 5, 2008. | 15. Undisputed. |
| 16. On June 17, 2008, American Airlines Inc. Employee Services sent correspondence via Federal Express to Ms. Zagon that outlined the details and payment requirements required during a sick leave of absence. The information letter included within this sick leave of absence packet also cited the LTD claim filing limitations and stated, in part that "the LTD claims must be filed within one (1) year from your date of disability. If you are covered under a state-mandated short-term disability plan, and the state requires you to file sooner the state's filing deadline overrides the company's deadline. If you file a disability claim beyond the deadline, your claim will not be accepted and you will not be eligible for benefits." | 16. Undisputed. |

5

| **Defendant's Undisputed Facts** | **Plaintiff's Response** |
|---|---|
| 17. Records in the Administrative Record from Federal Express indicate that this sick leave of absence information packet was signed for as received on June 19, 2008 at 2:14 PM. | 17. Undisputed. |
| 18. In August 2009, MetLife received a claim from Ms. Zagon requesting long-term disability benefits. MetLife denied the request for benefits, advising Ms. Zagon that LTD claims must be filed within one year of the date an employee becomes disabled and that her claim for LTD benefits was filed beyond this time period. | 18. Undisputed. |
| 19. Ms. Zagon requested MetLife to conduct an additional review of her LTD claim, which was in fact completed. | 19. Undisputed. |
| 20. This second review by MetLife of the LTD claim also resulted in a denial of the claim. | 20. Undisputed. |
| 21. Subsequently, Ms. Zagon submitted an appeal to the Pension Benefits Administration Committee requesting a waiver of the one-year claim filing limit for LTD benefits. | 21. Undisputed that Ms. Zagon appealed. Disputed that this appeal is properly characterized as a "request for waiver," as that term is not present in her appeal. Sessions Decl. in Support of Plaintiff's Motion for Judgment, Exh. B (Zagon 20-22). |
| 22. Thereafter, the Pension Benefits Administration Committee reviewed the appeal and all supporting documents. However, the appeal was denied and it was determined that Ms. Zagon had failed to submit her LTD benefit claim in a timely fashion. In | 22. Undisputed. |

6

| Defendant's Undisputed Facts | Plaintiff's Response |
|---|---|
| pertinent part, the letter denying her appeal stated that "[y]ou stated that you did not file for LTD because you were receiving Short-Term Disability from the state of California and you thought you would be returning to work and would not need additional disability benefits. However, as previously noted herein, the LTD plan contains a one-year claim filing limitation, and information concerning such filing limitation was available to you via the Employee Benefits Guide, as well as via the SKLOA packet you received from Employee Services. The LTD plan clearly states that disability claims should be filed as soon as you become disabled. You should not wait until other disability payments are exhausted or until a determination is made as to whether you can return to work. It was your responsibility to review the provisions of the LTD plan in the Employee Benefits Guide and to submit your LTD claim to MetLife within the one-year limit for filing claims." | |

The remainder of defendant's Statement of Uncontroverted Facts and Conclusions of Law consists of legal conclusions, which do not include statements of fact and therefore do not require a response from plaintiff in this document. Central Dist. Local Rule 56-2.  Plaintiff has addressed defendant's legal arguments in her concurrently filed Opposition to Defendant's Motion for Judgment.

7

1   Plaintiff has previously submitted additional material facts in the Statement of
2 Uncontroverted Facts she filed in conjunction with her cross-motion for judgment.
3 Docket No. 30.  All facts material to this action are fully set forth in that document.

5   DATED: March 6, 2013                              KANTOR & KANTOR LLP

                                               By:    */s/ Peter S. Sessions*
                                                      GLENN R. KANTOR
                                                      PETER S. SESSIONS
                                                      Attorney for Plaintiff
                                                      LINDA ZAGON