KENNETH R. O'BRIEN, Bar No. 072128
LITTLER MENDELSON
A Professional Corporation
500 Capitol Mall, Suite 2000
Sacramento, CA 95814-4737
Telephone: 916.830.7200
Facsimile: 916.561.0828
E-mail: kobrien@littler.com

DAVID MAOZ, Bar No. 233857
LITTLER MENDELSON
A Professional Corporation
2040 Century Park East, 5th Floor
Los Angeles, CA 90067-3107
Telephone: 310.553.0308
Facsimile: 310.553.5583
Email: dmaoz@littler.com

Attorneys for Defendant
AMERICAN AIRLINES LONG TERM
DISABILITY PLAN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA ZAGON,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>AMERICAN AIRLINES LONG TERM DISABILITY PLAN,<br><br>　　　　　Defendant. | Case No. CV10-8846 GAF (MANx)<br><br>ASSIGNED FOR ALL PURPOSES TO JUDGE GARY A. FEESS<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFF'S SEPARATE STATEMENT OF FACTS**<br><br>Date:　April 8, 2013<br>Time:　9:30 a.m.<br>Ctrm.:　740, Roybal Bldg. |

LITTLER MENDELSON
A Professional Corporation
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

CV10-8846 GAF (MANx)
Firmwide:118661794.1 009001.1321

DEFENDANT'S RESPONSE TO PLAINTIFF'S
SEPARATE STATEMENT OF FACTS

| **Plaintiff's Alleged Undisputed Facts** | **Defendant's Response** |
|---|---|
| 1. The American Airlines Long Term Disability Plan (the "Plan") is funded through employee contributions deposited to a Voluntary Employees Beneficiary Association ("VEBA") trust established under Section 501(c)(9) of the Internal Revenue Code. Benefits are paid from trust assets. | Admitted. |
| 2. Claims under the Plan are initially administered by Metropolitan Life Insurance Company ("MetLife"), with final decisions made by American's Pension Benefits Administration Committee ("PBAC"). | Admitted except that the PBAC determines appeals. (P. Sessions Declaration, Ex. A, Dock. No. 30-4, 9. 296 of 325) |
| 3. The Plan provides benefits to employees who are "not gainfully employed in any type of job for wage or profit and are unable to perform major and substantial duties of [their] own occupation because of sickness or accidental bodily injury." | Admitted, subject to the terms and conditions set forth in the Plan, including that this particular limitation is true only for the first two years of the flight attendant's disability, and that, among other matters, after 24 months, a Plan participant must be not gainfully employed and be unable to perform duties of any occupation, subject to qualifications set forth in the Plan. (P. Sessions Declaration, Ex. A, Dock. No. 30-4, p. 257 of 325.) |
| 4. The Plan provides, "You should file your Long Term Disability (LTD) claim as soon as you become disabled. Do not wait until your sick pay is used up or until your four-month elimination period expires – file your claim immediately. The latest you can file your LTD claim is one year after your disability began. If you file your disability claim beyond this one-year deadline, your claim will not be accepted and you will not be eligible for LTD Plan benefits." | Admitted; except that the phrase "*file your claim immediately*" should be italicized and is italicized in the Plan. (P. Sessions Declaration, Ex. A, Dock. No. 30-4, p. 259 of 325.) |
| 5. Linda Zagon is a 63-year-old woman who was a flight attendant for American | These facts as asserted are not what made Plaintiff a member of the Plan. A flight |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

CV10-8846 GAF (MANx)
Firmwide:118661794.1 009001.1321

2.

DEFENDANT'S RESPONSE TO PLAINTIFF'S SEPARATE STATEMENT OF FACTS

| **Plaintiff's Alleged Undisputed Facts** | **Defendant's Response** |
|---|---|
| Airlines ("American") for almost 40 years and therefore eligible for benefits under American's LTD Plan. | attendant only becomes a member of the plan by choice, and enrolling therein. (P. Sessions Declaration, Ex. A, Dock. No. 30-4, pp. 257-264 of 325.) |
| 6. The job of flight attendant is a demanding one. It is classified as "heavy" by the Department of Labor, and requires pushing and pulling with a force of up to 90 pounds, carrying 20 pounds at a time, as well as bending, reaching, and twisting, among other activities. | Defendant admits that plaintiff was employed as a Flight Attendant. But the asserted facts are not what made Plaintiff a member of the Plan. A flight attendant only becomes a member of the plan by choice, and enrolling therein. (P. Sessions Declaration, Ex. A, Dock. No. 30-4, pp. 257-264 of 325.) |
| 7. In June of 2008, Ms. Zagon left work due to pain in her neck. | Defendant has no knowledge or information other than the statements, representations and information set forth in the Administrative Record. |
| 8. Ms. Zagon had suffered for 30 years with this neck pain, which was triggered by a car accident. | Defendant has no knowledge or information other than the statements, representations and information set forth in the Administrative Record. |
| 9. In the past, Ms. Zagon had treated her pain conservatively, but it had increased and spread into her left arm, accompanied by numbness and weakness. | Defendant has no knowledge or information other than the statements, representations and information set forth in the Administrative Record. |
| 10. Ms. Zagon was referred to a neurosurgeon, Dr. J. Patrick Johnson, who diagnosed her with cervical degenerative disc disease with stenosis. Dr. Johnson noted that Ms. Zagon had "significant nerve compression with her degenerative disc disease." | Defendant has no knowledge or information other than the statements, representations and information set forth in the Administrative Record. |
| 11. Because of these problems, Ms. Zagon underwent surgery on August 29, 2008. In that surgery, a three- segment plate was screwed into her spine. | Defendant has no knowledge or information other than the statements, representations and information set forth in the Administrative Record. |
| 12. Four months later, Ms. Zagon began physical therapy. Unfortunately, she continued to suffer from pain and | Defendant has no knowledge or information other than the statements, representations and information set forth |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

CV10-8846 GAF (MANx)
Firmwide:118661794.1 009001.1321

3.

DEFENDANT'S RESPONSE TO PLAINTIFF'S SEPARATE STATEMENT OF FACTS

| Plaintiff's Alleged Undisputed Facts | Defendant's Response |
|---|---|
| weakness, and as a result her physicians determined that surgery needed to be performed a second time due to a "failed fusion." | in the Administrative Record. |
| 13. The second surgery was performed on March 31, 2009. | Defendant has no knowledge or information other than the statements, representations and information set forth in the Administrative Record. |
| 14. After her second surgery, Ms. Zagon thought she would be able to return to work and began American's clearance procedures. Unfortunately, she began experiencing pain again and had to stop. | Defendant has no knowledge or information other than the statements, representations and information set forth in the Administrative Record. |
| 15. In August of 2009, Ms. Zagon submitted a claim for LTD benefits under the Plan to the Plan's claim administrator, MetLife. Her claim form was dated August 10, 2009, and explained she was applying for benefits because of her "2 neck surgeries." | Admit that Plaintiff filed an untimely claim the contents of which are in the Administrative Record. |
| 16. Dr. Johnson completed an attending physician's form which stated that Ms. Zagon's disability began on June 1, 2008, and that he had begun treating her shortly thereafter, on July 24, 2008. | Defendant has no knowledge or information other than the statements, representations and information set forth in the Administrative Record. |
| 17. Dr. Johnson confirmed Ms. Zagon's diagnosis of "cervical segmental instability" and her symptoms of "severe neck pain, upper extremity pain, instability." Dr. Johnson also stated that "patient underwent two surgeries and requires further physical therapy." | Defendant has no knowledge or information other than the statements, representations and information set forth in the Administrative Record. |
| 18. Dr. Johnson issued limitations and restrictions of no lifting over ten pounds, no overhead work, no computer use more than five minutes, and no pushing and pulling, among others. He estimated that | Defendant has no knowledge or information other than the statements, representations and information set forth in the Administrative Record. |

LITTLER MENDELSON
A Professional Corporation
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

CV10-8846 GAF (MANx)
Firmwide:118661794.1 009001.1321

4.

DEFENDANT'S RESPONSE TO PLAINTIFF'S SEPARATE STATEMENT OF FACTS

| **Plaintiff's Alleged Undisputed Facts** | **Defendant's Response** |
|---|---|
| Ms. Zagon might be able to return to work in December of 2009. | |
| 19. From June 16, 2008 to June 16, 2009, Ms. Zagon received disability benefits from the State of California. | Defendant has no knowledge or information other than the statements, representations and information set forth in the Administrative Record. |
| 20. MetLife acknowledged Ms. Zagon's claim for benefits in a letter dated August 18, 2009. | Admit that Plaintiff did not submit a claim until August 18, 2009, after the time for filing a claim had expired, and that MetLife acknowledged receipt of same. (P. Sessions Declaration, Ex. A, Dock. No. 30-4, p. 31 of 56.) |
| 21. On August 25, 2009, MetLife informed Ms. Zagon that it was reviewing her claim and requested further information. | Admit that Plaintiff's claim was reviewed as set forth in the Administrative Record. |
| 22. MetLife denied Ms. Zagon's claim in a letter dated September 30, 2009. In its letter, MetLife informed Ms. Zagon that it was denying her claim on the ground that the Plan contained a "Time Limit for Filing Claims" which provided that claims were required to be submitted within one year after the beginning date of disability. MetLife stated that because Ms. Zagon's disability commenced on June 1, 2008, her August 2009 claim for LTD benefits was untimely. MetLife's letter did not deny Ms. Zagon's claim on any ground other than its alleged untimeliness. | Admit that Plaintiff's claim was denied for the reasons set forth in the Administrative Record. |
| 23. Ms. Zagon appealed this decision on October 5, 2009. In her appeal, Ms. Zagon explained that she had received disability benefits from the State of California and therefore felt she was not entitled to benefits under the LTD Plan, as this would be "dishonest "because she would be "[c]ollecting from two sources[.]" Ms. Zagon also stated that she thought she would be returning to work in | Admit that Plaintiff appealed and submitted documents, information and statements as contained in the Administrative Record. However, the Plan contains specific information and terms regarding offsets to such amounts and does not delay the time within which claims must be submitted by reason of receiving such amounts. Declaration of Deborah L. Jameson in Support of |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

CV10-8846 GAF (MANx)
Firmwide:118661794.1 009001.1321

5.

DEFENDANT'S RESPONSE TO PLAINTIFF'S SEPARATE STATEMENT OF FACTS

| **Plaintiff's Alleged Undisputed Facts** | **Defendant's Response** |
|---|---|
| six to eight months and was not anticipating needing two surgeries. | Defendant's Opposition to Plaintiff's Motion for Judgment, filed herewith, at Para. 5. |
| 24. On October 6, 2009, MetLife responded that it was upholding its previous decision to deny disability benefits. MetLife stated, "Based on the information submitted with your Request for Second Review, our previous decision to deny disability benefits was correct. Therefore, the original determination is being upheld." | Admit the determination was upheld for the reasons set forth in the Administrative Record. |
| 25. Ms. Zagon appealed this decision on October 26, 2009. In her appeal, Ms. Zagon explained that she had had LTD coverage for over 30 years as an American employee, and had never applied for a claim. She stated, "In all honesty, I would not try to collect funds from 2 sources with regard to disability. Only when I learned I wouldn't be able to work did I attempt to collect funds from Met Life." Ms. Zagon again stated that she thought she would be "returning to work and didn't need any more insurance." | Admit that Plaintiff's appeal and set forth statements and claims as are contained in the Administrative Record. However, the Plan contains specific information and terms regarding offsets to such amounts and does not delay the time within which claims must be submitted by reason of receiving such amounts. Declaration of Deborah L. Jameson in Support of Defendant's Opposition to Plaintiff's Motion for Judgment, filed herewith, at Para. 5. |
| 26. The PBAC acknowledged Ms. Zagon's second appeal in a November 13, 2009 letter. | Admit. |
| 27. The PBAC denied Ms. Zagon's second appeal in a February 28, 2010 letter. In its letter, the PBAC concluded, "the PBAC determined that your disability claim cannot be accepted for consideration of benefits, and the LTD Plan's one-year time limit for claim submission cannot be waived." The PBAC further stated that was "your responsibility . . . to familiarize yourself with the provisions of each type of coverage elected, and to apply for LTD benefits as set forth in the Employee | Admit. There is no insurance company or other company or entity which insures against claims. Had Plaintiff filed a timely claim, her claim would have been evaluated and reviewed on an ongoing basis for the life of the Plan, and subject to the limits, exclusions, and offsets contained therein. See, *e.g*, Declaration of Deborah L. Jameson in Support of Defendant's Opposition to Plaintiff's Motion for Judgment, filed herewith, at Para. 4, 5. |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

CV10-8846 GAF (MANx)
Firmwide:118661794.1 009001.1321

6.

DEFENDANT'S RESPONSE TO PLAINTIFF'S SEPARATE STATEMENT OF FACTS

| **Plaintiff's Alleged Undisputed Facts** | **Defendant's Response** |
|---|---|
| Benefits Guide prior to the expiration of the one-year filing limit." The PBAC further maintained, "While we know you were expecting a favorable reply, we hope you will understand that it is essential that the Plan provisions be applied uniformly to all participants." Ms. Zagon's alleged untimeliness was the only justification raised for denying her claim. The PBAC did not dispute Ms. Zagon's disability under the terms of the Plan. | |
| 28. In considering Ms. Zagon's claim for benefits, MetLife and the PBAC acquired employee, employer, and physician statements concerning Ms. Zagon's claim, as well as hundreds of pages of medical records. These records described the facts giving rise to Ms. Zagon's claim and contemporaneously charted her medical condition throughout the relevant claim period. | Defendant admits that after Plaintiff filed her untimely claim, numerous records were received from her. |

Dated:   March 6, 2013

Respectfully submitted,

*/s/ Kenneth R. O'Brien*
KENNETH R. O'BRIEN
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
AMERICAN AIRLINES LONG TERM DISABILITY PLAN

LITTLER MENDELSON
A Professional Corporation
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

CV10-8846 GAF (MANx)
Firmwide:118661794.1 009001.1321

7.

DEFENDANT'S RESPONSE TO PLAINTIFF'S SEPARATE STATEMENT OF FACTS